PANTLIND HOTEL COMPANY *v.* STATE TAX COMMISSION.

1. APPEAL AND ERROR—TAX COMMISSION—CONSTITUTIONAL LIMITA-
   TIONS.
   Court review of findings of the State tax commission is limited
   to questions of fraud, error of law, or adoption of wrong prin-
   ciples in arriving at assessed value of property (Const 1963,
   art 6, § 28).

2. TAXATION—ASSESSMENT—CASH VALUE.
   Property must be assessed for taxation at its true cash value
   (Const 1963, art 9, § 3).

3. SAME — ASSESSMENT — PROPERTY VALUE — TRUE CASH VALUE —
   EQUALITY OF ASSESSMENTS.
   Requirement that all assessments on property be at true cash value
   is for purpose of providing a standard for determining an
   equality of assessments (Const 1963, art 9, § 3; CLS 1961,
   § 211.27).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur, Taxation § 771.
[2, 3] 51 Am Jur, Taxation § 696.
[4] 51 Am Jur, Taxation § 727.
[5] 51 Am Jur, Taxation §§ 708, 709, 718.
Original cost of construction or reproduction cost as proper **factors**
in assessing real property for taxation.  104 ALR 790.
[6] 51 Am Jur, Taxation §§ 703–706, 708, 709, 727.
[7] 51 Am Jur, Taxation §§ 703–706, 708, 709, 727, 770, **771.**
[8] 51 Am Jur, Taxation §§ 709, 770, 771.
[9] 51 Am Jur, Taxation § 771.
[10] 51 Am Jur, Taxation §§ 728, 729.
[11] 51 Am Jur, Taxation §§ 651, 654.
[12] 51 Am Jur, Taxation §§ 651, 654, 728, 729, 732.
[13] 20 Am Jur 2d, Costs §§ 5, 10, 13.

4. SAME—SINGLE SALE PRICE—CASH VALUE.

One sale is not a controlling index of the true cash value of property for assessment purposes (Const 1963, art 9, § 3; CLS 1961, § 211.27).

5. SAME—REPRODUCTION COSTS LESS DEPRECIATION—TRUE CASH VALUE.

The use of reproduction costs less depreciation, with allowances for obsolescence and other relevant factors, to determine the true cash value is fair and reasonable, so long as the result is fair and discrimination is absent (Const 1963, art 9, § 3; CLS 1961, § 211.27).

6. SAME—ASSESSMENT—DETERMINATION OF CASH VALUE.

Three acceptable tests have been and are recognized for the determination of true cash value, namely, actual cash value determined by current selling price of the property or similar properties at private sale after negotiation; adjusted reproduction cost method; and capitalization of income method (Const 1963, art 9, § 3; CLS 1961, § 211.27).

7. SAME—DETERMINATION OF CASH VALUE—DISCRIMINATION.

Courts will not interfere with the assessment of property for taxation by assessing officers, or the State tax commission on appeal, where it appears that either of the 3 acceptable methods has been used for the determination of cash value and there is absent a showing of an unfair result or discrimination (Const 1963, art 9, § 3; CLS 1961, § 211.27).

8. SAME—ASSESSMENT—REPRODUCTION COST METHOD—TRUE CASH VALUE.

Reproduction cost method as used by tax commission to determine true cash value of appellants' hotel *held*, to be appropriate, where the record clearly indicates sound reason for its use and it discloses neither unfair result nor discrimination (Const 1963, art 9, § 3; CLS 1961, § 211.27).

9. SAME—REVIEW OF STATE TAX COMMISSION ACTION—FRAUD.

Fraud, as the term is used in provision of Constitution permitting judicial review of action of the State tax commission, would not be involved in the assessment of realty, merely because the commission used reproduction cost method for determining true cash value rather than recent sale price based on sale of a 32% interest, where the result is not unfair and discrimination is absent (Const 1963, art 6, § 28).

10. SAME — ASSESSMENT — HEARING — CROSS-EXAMINATION — AD-
MINISTRATIVE DUE PROCESS.

Failure of State tax commission to afford hearing at which tax-
payer could examine staff report and cross-examine person who
prepared it constituted a denial of administrative due process
in the determination of true cash value in assessment of real
property (Const 1963, art 6, § 28, art 9, § 3; CLS 1961, § 211-
.27).

11. SAME—ORDER OF STATE TAX COMMISSION—FORM—STATUTORY RE-
QUIREMENTS.

Form of the order of State tax commission does not meet stat-
utory requirements, where it lacks a concise statement of facts
and reasons for decision as to true cash value of realty assess-
ment (CLS 1961, §§ 209.102, 211.27).

12. SAME — ADMINISTRATIVE DUE PROCESS — CROSS-EXAMINATION —
STATE TAX COMMISSION — ORDER.

Order of tax commission setting assessed valuation of appellants'
hotel at $635,500 is set aside for further proceedings, where
it has resulted from a denial of administrative due process in
that appellant had not been allowed an opportunity to examine
the staff report relied on by the commission in arriving at its
valuation and to cross-examine its maker before the commission
made its determination and order made lacked a concise state-
ment of facts and reason for decision (Const 1963, art 6, § 28,
art 9, § 3; CLS 1961, §§ 209.102, 211.27).

13. COSTS—CORRECTION OF ERRORS.

No costs are allowed on reversal of order of State tax commission
setting assessed valuation of property, where further proceed-
ings are ordered to correct procedural errors (CLS 1961, § 209-
.102).

Appeal from State Tax Commission. Submitted
Division 2 March 2, 1966, at Detroit. (Docket No.
468.) Decided April 26, 1966. Leave to appeal
granted by Supreme Court June 13, 1966. See 378
Mich 719, 380 Mich 390.

Assessment by City of Grand Rapids of real prop-
erty owned by Pantlind Hotel Company, a Michigan
corporation. Appeal to Michigan State Tax Com-
mission. Assessment modified. Pantlind Hotel

Company appeals. Reversed and remanded for further proceedings.

*Honigman, Miller, Schwartz & Cohn (Jason L. Honigman* and *John Sklar,* of counsel), for taxpayer.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Richard R. Roesch,* Assistant Attorney General, for State Tax Commission.

Quinn, J. This is an appeal from a finding of the tax commission that the assessed value of the Pantlind Hotel in Grand Rapids for the year 1964 was $635,500. Const 1963, art 6, § 28, limits court review to questions of fraud, error of law, or adoption of wrong principles by the commission in arriving at this assessed value.

For the year 1962, the city assessor of Grand Rapids assessed this property at $1.161.300. It was similarly assessed for the year 1963. The city assessment for 1964 was $850,000, and on appeal, the commission reduced this to $635,500. From 1951 to May, 1963, this property was owned by National Building Corporation, whose principal stockholders were Ben Silberstein, Jason L. Honigman and members of their families. In May, 1963, the property was sold to Pantlind Hotel Company, whose sole stockholder was Edith Honigman, wife of Jason L. Honigman. The sale price was $626,438.87, of which $532,438.87 was allotted to land and buildings. Subsequently, Mrs. Honigman sold a 32% interest to John W., Charles K., and William E. Roberts, employees of the hotel, at a price proportionately the same as she had paid. None of the Roberts had any prior ownership in the hotel.

It is conceded that the assessed value of property in Grand Rapids is approximately 1/3 of its real or market value. The city assessor used a reproduction cost formula to arrive at his valuation. The appraisal used by the commission in arriving at assessed value was based on an adjusted reproduction cost formula. The result reached was checked against an income appraisal based on hotel operations for 1961–1963 inclusive, in which a capitalization rate of 11% was used. The adjusted reproduction cost formula relied on by the commission took into consideration physical deterioration, detrimental economic factors, and obsolescence. Its application resulted in a valuation of $1,340,000 for the hotel building. By comparison with appraisals and assessments of similar parcels of land, the hotel land was valued at $432,060, resulting in a total valuation of $1,772,060. The value found by using the income appraisal method was $1,603,296.

If this Court accepts the hotel's position that the sale price in May, 1963, establishes the value of this property for taxation purposes in 1964, the commission's valuation is a gross over-assessment, it being almost $1,240,000 greater than the sale price. In order to accept this position, this Court must hold that when there has been a recent sale of the property, the sale price is the only factor to be considered by assessing authorities in fixing valuation for tax purposes. In advocating acceptance of this position, the hotel argues that since Const 1908, art 10, § 7, provided:

"All assessments hereafter authorized shall be on property at its cash value.",

and Const 1963, art 9, § 3, provides:

"The legislature shall provide for uniform general ad valorem taxation of real and tangible personal

property not exempt by law. The legislature shall provide for the determination of true cash value of such property."

and CLS 1961, § 211.27 (Stat Ann 1960 Rev § 7.27) defines cash value as:

"The words 'cash value', whenever used in this act, shall be held to mean the usual selling price at the place where the property to which the term is applied shall be at the time of assessment."

*a fortiori,* sales price is cash value. This argument ignores two facts, namely: this was not the law prior to Constitution of 1963, and by adoption of the language of Const 1963, art 9, § 3, *supra,* it is not now the law.

In interpreting CL 1915, § 4021 (an earlier form of present CLS 1961, § 211.27) with respect to "usual selling price", the Supreme Court said in *Cleveland-Cliffs Iron Co.* v. *Township of Republic* (1917), 196 Mich 189, 199:

"The purpose of the law in requiring all assessments to be on property at its cash value is to provide a standard for determining an equality of assessments.   *   *   *   .

"The 'usual selling price' at the place where the property is when assessed is manifestly no guide to an assessor in a case where property is singular in character and is never sold, or sold once in a decade."

In *Twenty-two Charlotte, Inc.,* v. *City of Detroit* (1940), 294 Mich 275, the Supreme Court reaffirmed this statement and said further (p 284):

"However, for the past several years, sales of comparable properties have been rare, and for this reason we cannot hold that one sale is a controlling index of the true cash value; where there is some trading the two tend to coincide. But in the case before us, the property had been vacant for several years before the sale and the rehabilitation efforts

after the sale. The tax officers cannot be compelled to take as conclusive the actual sale price under such conditions and close their eyes to the effect on value of the restoration of usefulness. Nor do we think the use of reproduction costs less depreciation as a basis, with allowances for obsolescence and other relevant factors, is unfair or fundamentally wrong so long as the result is fair and discrimination is absent."

Again in *Moran* v. *Grosse Pointe Township* (1947), 317 Mich 248, the Supreme Court recognized that "usual selling price" and "cash value" have limited application and are neither exclusive nor inclusive, and that reproduction cost less depreciation is a proper method for determining assessed value so long as the result is fair and discrimination is absent.

It is the opinion of this Court that until the legislature establishes other methods for determining true cash value, three acceptable tests have been and are recognized for such determination, namely: actual cash value determined by current selling price of the property or similar properties at private sale after negotiation; adjusted reproduction cost method; and capitalization of income method.

Which method is most appropriate in an individual case is to be determined by the assessing officer, or State tax commission on appeal, from the facts of that case and absent a showing of unfair result or discrimination, courts will not interfere with that judgment. The record before us clearly indicates sound reason for applying reproduction cost method in this instance to determine true cash value and it discloses neither unfair result nor discrimination.

This appeal does not involve fraud in the sense that term is used in Const 1963, art 6, § 28, and except for two points which are properly designated

as errors of law under the language of section 28, the foregoing disposes of this appeal. The two remaining points are procedural in nature and are stated by appellant as follows:

"Appellant should have been given an opportunity to examine the staff report at a hearing before the commission and to cross-examine the person who prepared it."

"The commission erred in failing to file concise findings of fact and reasons for decision."

The basis for appellant's position on these points is *Pavilion Apartments, Inc.*, v. *State Tax Commission* (1964), 373 Mich 601. The hearing before the commission was September 28, 1964. The staff report appellant refers to was not filed until November 13, 1964, and appellant received a copy thereof November 18, 1964. November 19, 1964, appellant requested further hearing for the purpose of cross-examining the person who made the report, but this was not granted and defendant issued the order appealed from January 15, 1965. The form of the order does not meet the requirements of the statute* in that it lacks a concise statement of facts and reasons for decision. Under *Pavilion, supra,* administrative due process has not been met in this case until appellant has been allowed an opportunity to test the report relied on by the commission in arriving at its valuation by cross-examining the maker thereof. The order is faulty as indicated above.

The case is remanded to the State tax commission for further proceedings consistent with this opinion and for an order of the commission that conforms to CLS 1961, § 209.102. No costs are allowed.

McGREGOR, P. J., and HOLBROOK, J., concurred.

---

* CLS 1961, § 209.102 (Stat Ann 1963 Cum Supp § 7.632).