LOCHMOOR CLUB *v.* CITY OF GROSSE POINTE WOODS.

1. TAXATION—STATE TAX COMMISSION—FINALITY OF ACTION.
   Action of the State tax commission in the assessment of property is final in the absence of fraud, error of law, or adoption of wrong principles (Const 1963, art 6, § 28).

2. SAME—ASSESSMENT—WRONG PRINCIPLE—USE RESTRICTIONS.
   Plaintiff's contention that the State tax commission erred in reaching an assessment figure where it based its evaluation upon the value of the land for vacant, unimproved, residential, subdivision property, but ignored deed restrictions limiting the use of plaintiff's property to park and country club use *held*, well founded, where the restrictions were there for everyone to see, and for the tax commission to evaluate in the course of the appeal (CLS 1961, § 209.102, as amended by PA 1965, No 192).

3. SAME—PROPER ASSESSMENT—RELEVANT ELEMENTS AND FACTORS.
   Consideration of all relevant elements and factors, including deed use restrictions, is essential to proper assessing.

4. SAME—ORDER OF STATE TAX COMMISSION—FORMS—STATUTES.
   Form of order of State tax commission does not meet statutory requirements, where it lacks a concise statement of facts and reasons for decision as to an assessment of plaintiff taxpayer's country club and park property (CLS 1961, § 209.102, as amended by PA 1965, No 192).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur, Taxation §§ 770–774.
[2] 51 Am Jur, Taxation § 654.
[3] 51 Am Jur, Taxation § 701.
[4] 51 Am Jur, Taxation §§ 647, 649, 651, 652.
[5] 51 Am Jur, Taxation §§ 767, 768, 770; 2 Am Jur 2d, Administrative Law §§ 610, 612, 628, 755, 764–766.
[6] 5 Am Jur 2d, Appeal and Error § 1009.

5. SAME—STATE TAX COMMISSION—COURT OF APPEALS—REMAND—
   VALUE—USE RESTRICTIONS.

  The review of a tax assessment by the Court of Appeals on
    appeal from the State tax commission because of an alleged
    use of wrong principles in making the assessment does not,
    in effect, result in a substitution of the Court's judgment for
    that of the commission, where the proceeding is remanded
    to the commission for the determination of the extent of
    the effect of use restrictions, hitherto specifically ignored, upon
    the value of the parcels (CLS 1961, § 209.102, as amended
    by PA 1965, No 192).

6. COSTS—PUBLIC QUESTION—TAXATION—ASSESSMENT OF COUNTRY
   CLUB AND PARK PROPERTY.

  No costs are allowed on appeal to Court of Appeals from State
    tax commission relative to the assessment of property restricted
    to use for country club and park purposes, where a public
    question is involved (CLS 1961, § 209.102, as amended by
    PA 1965, No 192).

Appeal from State Tax Commission. Submitted
Division 1 February 8, 1966, at Detroit. (Docket
No. 589.) Decided June 28, 1966.

Assessment by City of Grosse Pointe Woods of
real property owned by Lochmoor Club, a Michigan
nonprofit corporation. Appeal to Michigan State
Tax Commission. Assessment modified. Lochmoor
Club appeals. Reversed and remanded for further
proceedings.

*Dykema, Wheat, Spencer, Goodnow & Trigg*
(*James D. Tracy* and *William T. Myers,* of counsel),
for complainant and appellant Lochmoor Club.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *T. Carl Holbrook* and
*Richard R. Roesch,* Assistant Attorneys General, for
the State Tax Commission.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy* and *William F. Koney,* for the county of Wayne.

*Glenn M. Coulter,* for *amicus curiae* Grosse Pointe School System.

*George B. Catlin,* for city of Grosse Pointe Woods, appellee.

FITZGERALD, J. The facts in this appeal from a decision of the state tax commission are not disputed. They are as follows:

Lochmoor Club, appellant, is the owner of real property situated in Grosse Pointe Woods, used as a country club and golf course. The property consists of three parcels, the first of which comprises 128.65 acres and is the golf club property, known as outlot A. The two additional parcels are known as outlots C and D. These lots are each approximately one acre in size and extend between two residential streets adjacent to the entrance to the country club.

The three parcels were respectively assessed for the tax year 1963 as follows:

|  |  |
|---|---|
| Outlot A | $308,760 |
| Outlot C | 50 |
| Outlot D | 50 |

The three parcels were initially assessed for the tax year 1964 as follows:

|  |  |
|---|---|
| Outlot A | $687,490 |
| Outlot C | 6,060 |
| Outlot D | 6,410 |

Appellant protested the 1964 assessments to the board of review for the city of Grosse Pointe

Woods, resulting in a reduction of the initial assessments to the following amounts:

|        |           |
|--------|-----------|
| Outlot A | $584,570 |
| Outlot C | 4,850 |
| Outlot D | 5,130 |

Appellant then appealed the reduced assessments to the State tax commission. On February 17, 1965, the tax commission entered an order determining the respective assessments of the parcels to be placed upon the rolls of defendant city as:

|        |           |
|--------|-----------|
| Outlot A | $830,520 |
| Outlot C | 9,910 |
| Outlot D | 9,680 |

Some historical background is now necessary. In 1919, appellant purchased all of the property in question from the Grosse Pointe Township Improvement Company and received title thereto by deed dated March 15, 1919. Grosse Pointe Township Improvement Company was the developer and subdivider of Lochmoor subdivision of which the property in question comprises a part. All other lots in Lochmoor subdivision have been sold by the original developer and most have been improved and are occupied for residential purposes.

Outlot A is restricted to use solely for country club purposes by the following covenant in the deed of conveyance:

"It is expressly understood between the parties hereto that said outlot A shall be used only for country club purposes and that the same will not be used for any other purposes. This condition and restriction shall be and remain operative to and including December 31, 1967, but not thereafter."

Outlots C and D are restricted by a covenant in the deed solely to use for park purposes. This deed provides that:

"It is expressly understood and agreed between the parties hereto that these two outlots C and D shall be maintained as parks by said party of the second part and shall not be used for any other purpose or purposes whatever."

The deed further states:

"It is hereby expressly understood between the parties hereto and made a part of this agreement that the * * * conditions and restrictions are of the essence of this agreement and the said party of the second part purchases said premises upon the express understanding that these conditions and restrictions run with the land and that said party of the second part will comply with the same in every respect."

These restrictions form the prime basis for this appeal. Lochmoor Club contends that the State tax commission adopted a wrong principle of valuation and committed an error of law when it based the assessment upon its value for residential subdivision purposes and ignored deed restrictions on the parcels which limited their uses to country club and park purposes.

The tax commission appraised the property based upon its value for vacant, unimproved, residential, subdivision property. With regard to outlot A, the commission said:

"Subject property is assessed comparably to subdivision lots because its highest and best use is considered to be as a residential subdivision."

With respect to outlots C and D, the commission said:

"Property is located in a fully developed subdivision and its highest and best use is as residential improved property. In making our appraisal, we have priced the land accordingly."

It is obvious from the foregoing that Lochmoor
Club found itself in a peculiar position, to say
nothing of its increased tax burden, by this deter-
mination of the commission. In the first place,
Lochmoor holds its property under a deed where
the intention of the parties was clear in the crea-
tion of use restrictions which on their face would
appear to be valid and enforceable. On the other
hand, they are told that the highest and best use
of their land is as a residential subdivision, despite
the fact that it may not effectively be conveyed or
used for this purpose.

In assigning its reasons on the form for appeal
to the State tax commission, Lochmoor stated under
the heading:

"List Reasons for Appeal: 'Property involved is
128 acres of vacant land except for clubhouse and
locker room. It is used for golf club and swimming
pool purposes only. This parcel is subject to a
restriction running with the land and included in
the deed of conveyance (hereto attached) restrict-
ing the use of said land for "country club purposes"
to and including December 31, 1967.' "

Regarding outlots C and D, under the same head-
ing, they ascribe the reason for their appeal to
the fact that the property was subject to a restric-
tion running with the land, restricting the use of
said land for "park purposes", without time limita-
tion.

In the course of the appeal, the property was ap-
praised by the commission field staff and the fol-
lowing appears in the appraisal report:

"In making our appraisal, the restriction in the
deed of conveyance limiting the property to country
club purposes only, to and including December 31,
1967, was ignored."

With respect to its determination of values of both outlots C and D, the appraisal stated:

"In making our appraisal, the restriction in the deed of conveyance limiting the use of the property for park purposes without time limitation was ignored."

In its order of February 17, 1965, the figures submitted in the field staff appraisal were adopted without alteration by the tax commission as the proper assessment of the Lochmoor property.

In its brief, the tax commission states that its order shows on its face that the commission gave consideration to the use restrictions placed upon the property. In support of this statement, it cites the following words found in a printed portion of the order form:

"After consideration of the reasons spelled out in the taxpayer's written appeal."

In light of its adoption of the figures submitted in the field staff appraisal, which ignored the restrictions, we must conclude that the consideration given the taxpayer's reasons on appeal resulted in a determination that the deed restrictions were without import for appraisal purposes.

We will not belabor the fact that the action of the State tax commission is final "in the absence of fraud, error of law or adoption of wrong principles," (Const 1963, art 6, § 28) and that this guideline has been consistently reiterated by our Supreme Court. *Hudson Motor Car Co.* v. *City of Detroit* (1937), 282 Mich 69 (113 ALR 1472); *Twenty-Two Charlotte, Inc.*, v. *City of Detroit* (1940), 294 Mich 275; *Moran* v. *Grosse Pointe Township* (1947), 317 Mich 248; *Naph-Sol Refining Co.* v. *Township of Muskegon* (1956), 346 Mich 16; *Kingsford Chemical Company* v. *City of Kingsford* (1956), 347 Mich

91. We do no violence to these landmark cases, however, by holding that the record before us discloses utilization of a wrong principle in this taxpayer's appeal.

We cannot dismiss the taxpayer's complaint as the commission does in its brief by saying, "Its contention that the restrictions upon the use of its real property detracted from its value were mere argument, pure speculation." The restrictions were there; they were there for everyone to see; they were there for the tax commission to evaluate in the course of the appeal. To state flatly that they were "ignored" compels us to hold that the appellant's contention on appeal is well-founded, *i.e.* that a wrong principle of valuation was utilized.

Consideration of all relevant elements and factors (and these restrictions were certainly relevant) is essential to proper assessing. *Conroy* v. *City of Battle Creek* (1946), 314 Mich 210.

The tax commission in its brief states:

"At no time has appellant presented any evidence relative to the true cash value of its unique property. The only such evidence is contained in the appraisal of appellant's property by the State tax commission's field staff. Basic considerations of fair play and due process require the tax commission determinations of values for tax purposes be based upon the available evidence."

In ignoring the deed restrictions, the tax commission loses sight of these basic considerations.

The commission, with much hand-wringing, states that since financial gain is not the motivation of Lochmoor, a capitalized income method of valuing its properties could not be utilized, and since real property cannot be valued by a reproduction cost approach there remained only a comparable sales data approach to its valuation. The commission's

appraisal set forth various examples of sales of vacant land in the vicinity of appellant's property, but overlooks the fact that any sales price on this property would, perforce, reflect the fact that it could not be used for the purpose which they contend is its highest and best use.

We can agree with the tax commission's observation that the courts have been slow to interpose their judgment and say that the assessment of property for taxes has transgressed reasonable limits. But, as with all generalizations of this sort, there are exceptions. We cannot conceive of any responsible court sitting idly by when faced with a record on appeal which reflects the utilization of wrong principles through the adoption of an appraisal which ignores a legal fact of life. This is especially so where, as in this instance, the fact ignored was the basic issue raised in the appeal to the tax commission in the first instance.

Lochmoor, like many appellants, complains of the tax commission's order, specifically charging that a legally sufficient statement of facts or reasons was not included. This order form has been commented upon by both the Supreme Court in *Pavilion Apartments, Inc.,* v. *State Tax Commission* (1964), 373 Mich 601, and by this Court in *O. M. Scott & Sons Co.* v. *State Tax Commission* (1965), 1 Mich App 184, and *Pantlind Hotel Company* v. *State Tax Commission* (1966), 3 Mich App 170. By now it should be no mystery as to what the appellate courts of this State feel measures up to a sufficient statement of facts and reasons.

We are certain that upon remand the State tax commission will evaluate and recite adequately their finding of facts and statement of reasons under the guidelines furnished by *Pavilion, Scott* and *Pantlind, supra,* and under CLS 1961, § 209.102, as

amended by PA 1965, No 192 (Stat Ann 1965 Cum Supp § 7.632).

The thrust of the brief *amici curiae* on behalf of the city of Grosse Pointe Woods, the county of Wayne, and the Grosse Pointe school system is that Lochmoor is here asking the Court to substitute its judgment as to the proper valuation of the property for assessment purposes. It is not so much that we are substituting our judgment as that we are asking the State tax commission to *exercise its judgment* by evaluating what this Court feels is an indispensable factor for proper assessment of this property.

The matter is remanded to the State tax commission for further proceedings to determine the extent of the effect of the use restrictions upon the value of the parcels to which they are applicable and to perform such other acts as shall be necessary for the efficacious consideration of this taxpayer's appeal.

No costs, a public question being involved.

GILLIS, P. J., concurred.

The late Judge WATTS who was a member of the panel of judges to whom this case was submitted for determination took no part in this decision.