LOCHMOOR CLUB *v.* CITY OF GROSSE
POINTE WOODS.

1. TAXATION—ASSESSMENT—TRUE CASH VALUE.
   True cash value of property must be determined in assessing it, and the State tax commission, in making the determination, must consider the usual selling price of the property at the place where it is at the time of assessment (CL 1948, § 211.27, as amended by PA 1964, No 275).

2. SAME—ASSESSMENT—REAL PROPERTY—RESTRICTIONS.
   Valuation of real property for determining tax assessment must take into consideration restrictions imposed upon the use of the land.

3. SAME—REAL PROPERTY—RESTRICTIONS—VALUATION.
   Land restricted by deed to use for country club purposes, or to use as a park, cannot be compared in valuation to subdivision lots in the same general area which may be used for the erection of homes.

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation § 701.
[2, 3] 51 Am Jur, Taxation § 713 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 1009.

4. COSTS—PUBLIC QUESTION—ASSESSMENT FOR TAXES.
    No costs are allowed in appeal from determination of assess-
        ment by State tax commission, a public question being
        involved.

Appeal from State Tax Commission. Submitted
Division 1 October 3, 1967, at Detroit. (Docket No.
2,638.) Decided March 28, 1968.

Lochmoor Club, a Michigan nonprofit corporation,
appealed its real property assessment by defendant
City of Grosse Pointe Woods to the State Tax Com-
mission. Assessment set by State Tax Commission
after supplemental hearing pursuant to remand by
Court of Appeals. See 3 Mich App 524. Taxpayer
appeals. Remanded to State Tax Commission for
further proceedings.

*Dykema, Wheat, Spencer, Goodnow & Trigg*
(*James D. Tracy* and *William T. Myers,* of counsel),
for taxpayer.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *T. Carl Holbrook*
and *Richard R. Roesch,* Assistants Attorney Gen-
eral, for defendant State Tax Commission.

J. H. GILLIS, J. Herewith is presented the second
chapter in Lochmoor Club v. City of Grosse Pointe
Woods and Michigan State Tax Commission. The
first chapter is set forth in *Lochmoor Club* v. *City of
Grosse Pointe Woods* (1966), 3 Mich App 524.

Briefly, Lochmoor owns 3 lots: outlot A, con-
sisting of approximately 128 acres, restricted by
deed for "country club purposes", which restrictions
expired December 31, 1967; and outlots C and D,
approximately 1 acre apiece, and restricted by a
covenant in the deed which provides:

"It is expressly understood and agreed between the parties hereto that these two outlots C and D shall be maintained as parks by said party of the second part and shall not be used for any other purpose or purposes whatever."

The deed further states:

"It is hereby expressly understood between the parties hereto and made a part of this agreement that the * * * conditions and restrictions are of the essence of this agreement and the said party of the second part purchases said premises upon the express understanding that these conditions and restrictions run with the land and that said party of the second part will comply with the same in every respect."

The deed recites no termination date for the latter restriction. Outlots C and D extend between two residential streets adjacent to the entrance to the golf club and are not contiguous to outlot A. This appeal does not involve outlot A.

On July 1, 1966 counsel for Lochmoor Club wrote to the Michigan State tax commission requesting an opportunity to be heard and to present evidence on the issues which this Court remanded to the commission.[1] On July 7, 1966 the commission entered its revised order which reaffirmed its original valuation as to outlots C and D. Notwithstanding the request of Lochmoor, they were not given an opportunity to be heard or to present additional evidence on the issues which this Court remanded to the commission. The Michigan State tax commission in its written decision following the remand stated:

"Outlots C and D are 'private,' as distinguished from 'public,' parks. If they were owned by and contiguous to the home of any individual taxpayer, they would be valued and taxed in the same manner

---

[1] The original remand by this Court was dated June 28, 1966.

as his front lawn or backyard. We perceive no reason for treating outlots C and D in any different fashion. The beneficial owners of these private parks, the members of Lochmoor, must share the burden of taxation. The fact that they may not be converted to building sites because of the restrictive covenants imposed upon them does not, in our opinion, warrant a reduction in their assessment previously determined by this commission. We note that dedication of these presently 'private' parks to the 'public' would exempt them from taxation altogether."

Lochmoor sought a rehearing before the commission protesting the failure to reduce the assessment on outlots C and D and the failure on the part of the commission to grant it an opportunity for presentation of evidence and argument. Rehearing was denied by the commission. Lochmoor then filed an application for leave to appeal that portion of the commission's determination pertaining to outlots C and D and in such application presented 3 issues. The 3d division of this Court granted the application, but limited the issues for our determination to the following:

(1) Did the Michigan State tax commission err in determining that the restrictions on outlots C and D did not constitute a basis for a reduction of its prior assessment?

(2) Did the Michigan State tax commission's failure to afford Lochmoor an opportunity to be heard upon the issues remanded for determination result in a denial of due process and a fair hearing?

In determining any assessment of property the Michigan State tax commission must determine the true cash value of such property[2] and in determining cash value must consider the usual selling price at the place where the property to which the term is

---

[2] Const 1963, art 9, § 3.

applied shall be at the time of assessment.[3]  This valuation can only be determined by weighing all of the factors normally entering into a determination of the valuation, *Moran* v. *Grosse Pointe Township* (1947), 317 Mich 248.  This includes restrictions imposed upon the use of the land.

Land restricted in its use, such as in the instant case, cannot be compared in valuation to subdivision lots in the same general area which may be utilized for the erection of homes.  To ignore such a restriction constitutes fraud on the taxpayer akin to that outlined in *Helin* v. *Grosse Pointe Township* (1951), 329 Mich 396.  In *Helin, supra,* the Court in reference to a restriction limiting property to use for single residence stated at p 407:

"The restrictions mentioned are largely responsible for the destruction of the larger part of the value of the property and should result in a very material reduction in assessments if they are to be made in a legal manner."

In view of our decision on the first issue presented to this Court and in view of our remand order, we need not discuss the second issue raised by appellant.

This case is remanded to the Michigan State tax commission for a redetermination of the assessment on outlots C and D, consistent with this opinion, at a hearing in which the appellant is given an opportunity to present evidence on the issue of valuation.  No costs, a public question being involved.

LESINSKI, C. J., and T. G. KAVANAGH, J., concurred.

[3] CL 1948, § 211.27 as amended by PA 1964, No 275 (Stat Ann 1965 Cum Supp § 7.127).