## DEERFIELD VILLAGE COMMUNITY ASSOCIATION
### *v.* STATE TAX COMMISSION

TAXATION—REAL PROPERTY—RESTRICTIONS—VALUATION.

> Land restricted in its use, such as a parcel with a covenant that it shall be used for recreational and decorative purposes for the benefit of all the residents of a subdivision, cannot be compared in valuation to subdivision lots in the same general area which may be used for the erection of homes.

Appeal from Michigan State Tax Commission. Submitted Division 2 June 4, 1970, at Lansing. (Docket No. 7,169.)  Decided June 30, 1970.  Leave to appeal denied August 27, 1970.  383 Mich 824.

Appeal by Deerfield Village Community Association of its property assessment by West Bloomfield Township.  State Tax Commission increased assessment.  Plaintiff appeals.  Remanded for redetermination.

*Richard F. Newton* (*Schon & Wise,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William D. Dexter* and *Richard R. Roesch,* Assistant Attorneys General, for State Tax Commission.

Before: LESINSKI, C. J., and QUINN and ROOD,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCE FOR POINTS IN HEADNOTE
51 Am Jur, Taxation §§ 607, 623.

Per Curiam. Developers of an Oakland County housing development set aside a parcel of land from the subdivision, improved it with a community house, swimming pool, wading pool, parking lot and fence and conveyed it *gratis* to plaintiff Deerfield Village Community Association, a nonprofit corporation organized upon a nonstock basis, the members thereof being residents of the subdivision. The "covenants and restrictions" recorded with the county provide that the property "shall be used for recreational and decorative purposes for the benefit of all the residents of this subdivision and such other nearby areas  *   *   *  ". The covenant had a 25-year term, with 10-year automatic extensions unless cancelled by majority vote of the lot owners.

West Bloomfield Township assessed the property at $25,050 for the year 1968. Plaintiff sought relief from the board of review, which affirmed the amount of the assessment. Thereafter, plaintiff appealed to the State Tax Commission. After hearing, the commission increased the assessment to $32,100.

In arriving at the latter figure, the field examiner, in his report to the Director of Industrial and Special Properties Division of the State Tax Commission, noted that, "the market comparison method is not applicable as there are no sales of similar properties to compare to and the capitalization method is not applicable as this is not an income producing property and has no rental history." The field examiner used the reproduction cost method to determine that the value of the questioned property was slightly over $72,000. The assessment level of 44.51% resulted in the rounded assessment of $32,100.

In its findings of fact, the commission explained that the buildings were evaluated by using an adjusted reproduction cost method, and the land

was appraised at its current cash value "based upon a study of sales of comparable properties in the township". The commission rejected plaintiff's argument that "the restrictions placed upon this property for the use of the residents of the subdivision render it unsalable and therefore it has no market value", holding that "the restrictions are for the benefit of the taxpayer and could be waived by them which eliminates the claim the property has no value".

From this determination, leave to appeal was sought and granted.

Recently, this Court had occasion to determine the relationship of property restrictions to the value of the restricted land. We said: "Land restricted in its use, such as in the instant case, cannot be compared in valuation to subdivision lots in the same general area which may be utilized for the erection of homes". *Lochmoor Club* v. *City of Grosse Pointe Woods* (1968), 10 Mich App 394, 398. We feel that the holding of that decision is applicable to this matter.

This matter is therefore remanded to the Michigan State Tax Commission for a redetermination of the assessment of the property in accord with *Lochmoor Club* v. *City of Grosse Pointe Woods* (1966), 3 Mich App 524; *Lochmoor Club* v. *City of Grosse Pointe Woods, supra;* and *Moran* v. *Grosse Pointe Township* (1947), 317 Mich 248. At such hearing, the plaintiff shall be given an opportunity to present evidence on the issue of valuation. No costs, a public question being involved.