# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN M. MORITA LIVING TRUST,

Petitioner-Appellant,

v

TOWNSHIP OF BIG RAPIDS,

Respondent-Appellee.

UNPUBLISHED
December 16, 2014

No. 315212
Tax Tribunal
LC No. 00-440617

Before: RONAYNE KRAUSE, P.J., and WILDER and STEPHENS, JJ.

PER CURIAM.

In this property tax appeal, the taxpayer petitioner challenges the Tax Tribunal's valuation of its residential property in tax year 2012. We affirm in part, reverse in part, and remand for further proceedings.

I

The assessed value of petitioner's property changed because of the construction of a residence on the land in 2011. Following petitioner's initial challenge, the local board of review modified the taxable value of the property from $338,200 to $316,300. Petitioner appealed that decision to the Tax Tribunal.

Both petitioner and respondent submitted their own appraisals of the property's true cash value (TCV), using the sales comparison method.[1] Utilizing this method, petitioner claimed the property should be valued at $400,000, while respondent claimed the property should be valued at $725,000.

---

[1] The sales comparison method is calculated by analyzing "recent sales of similar properties, a comparison of the sales with the subject property, and adjustments to the sale prices of the comparable properties to reflect differences between the properties." *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 391; 576 NW2d 667 (1998).

Respondent also submitted its property record card, which calculated the value of the property under the cost-less-depreciation method[2] as $632,600. The property record card contains detailed figures of the dimensions and attributes of the property, which respondent divided into two portions—a residential portion and a "commercial" portion constituting a multipurpose room or fitness area. We note that there are no facts in the record regarding whether the fitness area had any commercial purposes. Figures in the property record card include the replacement cost of the property's improvements, the depreciated value, and two different economic condition factors (ECF) used in the calculation of the value of the residential portion of the property and the fitness area. There is no explanation in the record for the use of two ECFs. For purposes of this calculation, respondent argued its assessor "looked for a specific definition of the neighborhood." Respondent's assessor also maintained that he assessed the property consistent with the guidelines of the State Tax Commission (STC) and the assessor manual. Respondent's assessor did not visit the home, but requested a visit during petitioner's appeal.

The referee in the small claims division found that both petitioner's and respondent's appraisals using the sales comparison method were unreliable indicators of the property's TCV because: (1) as the premier home for the area, the property was too unique and "over-built" to adequately compare it to the sale of other residential property; (2) the recent sales market in Big Rapids was slow, providing inadequate comparables to the property; and (3) the comparables relied upon were dissimilar to the property because they were sold in different tax years, had too many adjustments, or were speculative because they had not yet been sold.

The referee found that the cost-less-depreciation method contained in the property record card was the most reliable evidence in the record of the property's TCV, and concluded that the property was worth $632,600, as indicated in the property record card.[3] The referee adopted this method because of the unique nature of the property, the lack of reliable comparables, and the lack of evidence from petitioner regarding the value of the fitness area and respondent's inability to visit the property. The referee's proposed opinion provides that the cost-less-depreciation calculation was in conformity the state assessor's manual and, "based on an independent review of the valuation evidence," the calculation was reliable. No express findings were made regarding functional and economic obsolescence.

---

[2] ' "Under the [cost-less-depreciation method], true cash value is derived by adding the estimated land value to an estimate of the current cost of reproducing or replacing improvements and then deducting the loss in value from depreciation in structures, i.e., physical deterioration and functional or economic obsolescence." ' *Forest Hills Coop v City of Ann Arbor*, 305 Mich App 572, 590-591; 854 NW2d 172 (2014), quoting *Meadowlanes Ltd Dividend Housing Ass'n v City of Holland*, 437 Mich 473, 484 n 18; 473 NW2d 636 (1991).

[3] Although the proposed opinion and judgment were later modified with respect to the recitation of the evidence presented during the hearing, the findings and conclusions in the proposed opinion and judgment were affirmed in full.

Petitioner filed exceptions to the proposed opinion, arguing that the referee erred in failing to record evidence that was timely filed by petitioner. Petitioner also argued, in relevant part, that the referee failed to explain the adoption of the cost-less-depreciation method, failed to consider external obsolescence when it valued the property, and erroneously accepted the property record card as the most reliable indicator of value.

The Tribunal agreed that the referee erred with respect to omitting some of petitioner's evidence in the proposed opinion, and found good cause to modify the proposed opinion with respect to those omissions, but nevertheless found that the omitted evidence was clearly contemplated by the referee, and therefore, the error was harmless. The Tribunal held that referee's findings were supported by the evidence, as the unique nature of the property and sparse market transactions rendered the sales approach unreliable. Although it acknowledged the significance of petitioner's evidence, it held that the property record card "provided sufficient analysis of replacement costs, land values and depreciation and Respondent's valuation (including that of the disputed 'multi-purpose room'). In its final opinion and judgment, the Tribunal incorporated the findings of fact and conclusions of law set forth in the proposed opinion, except to modify the opinion only "with respect to the evidentiary omissions."

II

Petitioner argues that the Tax Tribunal committed legal error and made findings in the absence of any evidence when it held that petitioner's appraisal was unreliable, respondent's property record card was reliable, and the TCV of the property was the amount indicated in the property record card. We disagree in part, and agree in part.

A

MCL 205.762(2) provides:

A person or legal entity entitled to proceed under section 31, and whose proceeding meets the jurisdictional requirements of subsection (1), may elect to proceed before either the residential property and small claims division or the entire tribunal. A formal record of residential property and small claims division proceedings is not required. Within 20 days after a hearing officer or referee issues a proposed order, a party may file exceptions to the proposed order. The tribunal shall review the exceptions to determine if the proposed order shall be adopted as a final order. Upon a showing of good cause or at the tribunal's discretion, the tribunal may modify the proposed order and issue a final order or hold a rehearing by a tribunal member. A rehearing is not limited to the evidence presented before the hearing officer or referee.

This Court has a very limited capacity to review Tax Tribunal decisions. *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 630; 806 NW2d 342 (2011). " 'In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation.' " *Michigan Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012), quoting Const 1963, art 6, § 28. Any factual findings are conclusive, so

long as they are supported by "competent, material, and substantial evidence on the whole record." *Id.* "Substantial evidence must be more than a scintilla of the evidence, although it may be substantially less than a preponderance of the evidence." *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 388-389; 576 NW2d 667 (1998) (citations omitted). The Tribunal's findings of fact and legal conclusions will stand so long as they are sufficiently detailed to "afford meaningful appellate review." *Pheasant Ring v Waterford Twp*, 272 Mich App 436, 443; 726 NW2d 741 (2006), overruled on other grounds 480 Mich 44 (2008). Even if erroneous, the Tribunal's decision will not be reversed unless the appellant has suffered prejudice as a result of the error. *President Inn Props, LLC*, 291 Mich App at 643.

B

> The petitioner has the burden of establishing the property's true cash value. The burden of proof encompasses both the burden of persuasion, which never shifts during the course of the hearing, and the burden of going forward with evidence, which may shift to the opposing party. In a property tax dispute, the petitioner must prove by the greater weight of the evidence that the disputed assessment was too high based on the Tax Tribunal's findings of true cash value. [*Forest Hills Coop v City of Ann Arbor*, 305 Mich App 572, 588; 854 NW2d 172 (2014) (citations omitted).]

"Regardless of the method employed, the Tax Tribunal has the overall duty to determine the most accurate valuation under the individual circumstances of the case." *President Inn Props, LLC*, 291 Mich App at 631.

The Tribunal is not required to accept either party's theory of valuation; it is free to accept either theory, or a combination of both theories, or reject both in determining the TCV of the property. *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 389-390. Although the Tribunal cannot presume that a property record card is accurate, the Tribunal is free to "adopt the assessed valuation on the tax rolls as its independent finding of [TCV]" when the evidence supports such a finding. *President Inn Props, LLC*, 291 Mich App at 640. And this Court must affirm if the Tribunal's valuation is "within the range of valuations in evidence." *Id.* at 642.

Under our state constitution, real property cannot be taxed at more than 50 percent of its TCV. Const 1963, art 9, § 3. The TCV of a property is its fair market value. MCL 211.27(1); *President Inn Props, LLC*, 291 Mich App at 637. The three most common methods to calculate the TCV of a property are the capitalization-of-income method, the sales comparison method, or the cost-less-depreciation method. *Id.* at 639. The Tax Tribunal must "select the approach which provides the most accurate valuation under the circumstances of the individual case." *Antisdale v City of Galesburg*, 420 Mich 265, 277; 362 NW2d 632 (1984). "Regardless of the valuation approach employed, the final value determination must represent the usual price for which the subject property would sell." *Meadowlanes Ltd Dividend Housing Ass'n v City of Holland*, 437 Mich 473, 485; 473 NW2d 636 (1991).

C

The parties concede that the capitalization-of-interest method does not apply to this case. The sales comparison method is generally preferred over the cost-less-depreciation method, but the Tribunal is not required to use it in every circumstance. *Wayne Co v State Tax Comm*, 261 Mich App 174, 206; 682 NW2d 100 (2004). In rejecting the sales comparison method, the Tribunal must consider that approach and justify its decision after faithfully considering the evidence. *Id.* Where the evidence establishes that the sales comparison method would be too subjective or contain too many variables or adjustments to be reliable, the Tribunal would have competent, material, and substantial evidence to justify the decision to disregard the sales comparison method. *Id.* Further, "if it can be shown that the sale price [on] each of the comparable properties has been determined by a flawed method the result of the market approach to valuation will also be flawed." *Antisdale*, 420 Mich at 279.

The Tribunal did not err by adopting the referee's finding that the sales comparison method of valuation was unreliable. Petitioner met its burden of production by presenting evidence supporting its sales comparison valuation. But respondent presented substantial, compelling, and material evidence to establish that the sales comparison approach was unreliable, including the facts that the property was the "premier" home in the area, it was unique and "over-built," and it had a large multipurpose room used for fitness, which was so unusual that respondent had no means of comparing it to other homes for valuation. The referee found that petitioner's comparables were inadequate and dissimilar due to the property's unique nature and the incredibly slow sales market. Without a meaningful amount of similar comparables to the property, the Tribunal had competent, material, and substantial evidence to conclude that the sales comparison method was unreliable. *Wayne Co*, 261 Mich App at 206.

D

Petitioner also argues that the Tribunal erred in its application of the cost-less-depreciation method. As we previously noted, under the cost-less-depreciation method, the TCV is calculated by adding the value of the land (as if unimproved) to the replacement cost of all improvements, then subtracting all depreciated value from three sources: (1) physical deterioration; (2) functional obsolescence; and (3) economic obsolescence. *Forest Hills Coop*, 305 Mich App at 590-591. "Functional obsolescence refers to 'a loss of value brought about by failure or inability of the assessed property to provide full utility.' " *Id*. at 591, quoting *Meijer, Inc v City of Midland*, 240 Mich App 1, 4 n 4; 610 NW2d 242 (2000). "Economic obsolescence refers to a 'loss of value occasioned by outside forces.' " *Id.*, quoting *Fisher-New Ctr Co v Mich State Tax Comm*, 380 Mich 340, 362; 157 NW2d 271 (1968), vacated on other grounds on reh 381 Mich 713 (1969).

Although the Tribunal is not required "to quantify every possible factor affecting value," *Great Lakes Div of Nat'l Steep Corp*, 227 Mich App at 398-399, the Tribunal may not accord presumptive validity to the respondent's property record card where, although the valuation decision at issue was within the range of valuations in evidence, the referee's decision on the property's true cash value is reached without an explicit finding on obsolescence. *Forest Hills Coop*, 305 Mich App at 591-593. In *Forest Hills Coop*, this Court remanded to the "Tribunal for the purpose of making an independent determination of the amount of functional and

economic obsolescence, if any, to be used to determine the true cash value." *Id.* at 593. The Court held that the Tribunal could reopen proofs, if necessary, to make legally supportable determinations regarding functional and economic obsolescence. *Id.*

Here, although respondent's assessor followed the assessor's manual, evaluated the "specific definition of the neighborhood," and included depreciation values in its TCV calculation, it is unclear how the assessor calculated the ECFs or the depreciation and obsolescence on the property. Moreover, given the limited record before us,[4] we have no evidence that either the referee or the Tribunal expressly addressed obsolescence in the independent determination of the TCV. *President Inn Props, LLC*, 291 Mich App at 631. Because the referee made no express findings on obsolescence, and when it adopted the referee's findings of fact and conclusions of law the Tribunal accorded presumptive validity to the property record card, remand is necessary for the Tribunal to reopen proofs, if needed, and make an independent determination on obsolescence used to determine the true cash value.[5]

III

Affirmed, in part, reversed, in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No costs under MCR 7.219 because an issue of public interest is involved.

/s/ Amy Ronayne Krause
/s/ Kurtis T. Wilder
/s/ Cynthia Diane Stephens

---

[4] There are no transcripts available in this case.

[5] Petitioner challenges the Tribunal's reliance on commercial figures to calculate the value of a room petitioner claims is only for personal use, citing authority establishing that land containing restrictions (i.e., commercial zoning) on its use cannot be comparatively valued to residential property. See *Lochmoor Club v City of Grosse Pointe Woods*, 10 Mich App 394, 398; 159 NW2d 756 (1968); see also *Deerfield Village Community Ass'n v West Bloomfield Twp*, 25 Mich App 138, 140; 181 NW2d 62 (1970). Because we remand for further clarification on obsolescence, which may reveal additional facts regarding the calculation of the TCV of the fitness area, we decline to address petitioner's argument that respondent committed a "fraud" by separately assessing the multipurpose room as a commercial fitness area.