PHEASANT RING v WATERFORD TOWNSHIP

Docket No. 262757. Submitted October 4, 2006, at Detroit. Decided October 17, 2006, at 9:05 a.m.

Pheasant Ring, also known as Homes for Autism, filed a petition in the Michigan Tax Tribunal, Small Claims Division, to appeal property tax assessments levied by Waterford Township against residential property the petitioner owned and rented to persons with autism. The petitioner contested the respondent's denial of an exemption under MCL 211.7o, which provides a property tax exemption for property owned and occupied by a nonprofit charitable institution solely for the purposes for which the institution was incorporated. The tribunal determined that the petitioner was entitled to the exemption. The respondent appealed.

The Court of Appeals *held*:

1. The petitioner qualified as a charitable institution for purposes of MCL 211.7o under the factors identified in *Wexford Med Group v City of Cadillac*, 474 Mich 192, 215 (2006). Specifically, the stated purpose of the petitioner's facility on the property at issue is to assist individuals with autism to establish themselves for life. The services provided by the petitioner lessen the burdens of government by assisting the state in addressing the needs of this specific population of disabled individuals. The respondent produced no evidence that the petitioner failed to actively pursue its stated mission or offered its services on a discriminatory basis. The petitioner's acceptance of rental payments from or imposition of fees on residents of its facility does not preclude its status as a charitable institution as long as the charges are not more than what is needed for its successful maintenance.

2. The petitioner "occupied" the property within the meaning of the statute. While the petitioner does not use the property for its own offices, the petitioner's tenants occupy the property in furtherance of the petitioner's charitable purposes. The proper test is whether the entire property was used in a manner consistent with the purposes of the owning institution.

3. Although the tribunal hearing referee's findings of fact and conclusion of law were not exceptionally detailed, they were sufficient to afford meaningful appellate review, as required by MCL 205.751(1).

Affirmed.

TAXATION — PROPERTY TAX — CHARITABLE EXEMPTION.

The proper test to determine whether a charitable institution occupied a property for purposes of the property tax exemption for property used for charitable purposes is whether the entire property was used in a manner consistent with the purposes of the owning institution; when the charitable institution leases the property to tenants, this criterion is satisfied if the tenants of the charitable institution occupy the property in furtherance of the institution's charitable purposes (MCL 211.7o[1]).

*Reising, Ethington, Barnes, Kisselle, PC* (by *William J. Schramm*), for the petitioner.

*Secrest Wardle* (by *Stephanie Simon Morita*) for the respondent.

Before: FITZGERALD, P.J., and MARKEY and TALBOT, JJ.

TALBOT, J. Respondent, Waterford Township (the Township), appeals as of right an opinion and judgment in favor of petitioner, Pheasant Ring, also known as Homes for Autism, in this property tax dispute. We affirm.

This action arises from the petition filed by Pheasant Ring seeking to appeal ad valorem property tax assessments for tax years 2003 and 2004 levied by the Township. Pheasant Ring contested the Township's denial of an exemption pursuant to MCL 211.7o for the residential property identified as parcel number 13-08-226-025, located in the Township. The Township argues that the opinion and judgment of the Michigan Tax Tribunal (MTT), including its holding that Pheasant Ring is exempt from property taxation, was not based on competent, material, and substantial evidence on the record and that the MTT improperly applied the relevant legal standards and principles. We disagree.

" 'This Court's authority to review a decision of the Tax Tribunal is very limited. In the absence of an allegation of fraud, this Court's review of a Tax Tribunal decision is limited to determining whether the tribunal committed an error of law or adopted a wrong legal principle.' " *Twentieth Century Fox Home Entertainment, Inc v Dep't of Treasury*, 270 Mich App 539, 541; 716 NW2d 598 (2006) (citation omitted). " 'The tribunal's factual findings will not be disturbed as long as they are supported by competent, material, and substantial evidence on the whole record.' " *Id.* (citation omitted). " 'Substantial evidence must be more than a scintilla, although it may be substantially less than a preponderance . . . .' " *Leahy v Orion Twp*, 269 Mich App 527, 529-530; 711 NW2d 438 (2006) (citation omitted).

Statutory interpretation presents a question of law that is reviewed de novo. *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003). But " '[t]his Court will generally defer to the Tax Tribunal's interpretation of a statute that it is charged with administering and enforcing.' " *Twentieth Century Fox, supra*, p 541 (citation omitted).

"MCL 211.7o creates the ad valorem property tax exemption for charitable institutions." *Wexford Med Group v City of Cadillac*, 474 Mich 192, 199; 713 NW2d 734 (2006). It provides, in pertinent part: "Real or personal property owned and occupied by a nonprofit charitable institution while occupied by that nonprofit charitable institution solely for the purposes for which it was incorporated is exempt from the collection of taxes under this act." MCL 211.7o(1). To qualify for an exemption from ad valorem property taxation, a claimant must satisfy three elements:

> (1) The real estate must be owned and occupied by the exemption claimant;

(2) The exemption claimant must be a nonprofit charitable institution; and

(3) The exemption exists only when the buildings and other property thereon are occupied by the claimant solely for the purposes for which it was incorporated. [*Wexford Med Group, supra,* p 203.]

Although there is no dispute that Pheasant Ring owns the property, the Township contests Pheasant Ring's status as a charitable institution and contends that Pheasant Ring's lease of the property precludes it from meeting the requirement of having "occupied" the property for purposes of obtaining the exemption.

The meaning of "charitable institution" is not legislatively defined in MCL 211.7o(1), but has been developed through case law. The Michigan Supreme Court has ruled that the proper test for determining whether a charitable institution exemption applies can be found in the definition of "charity" adopted in *Retirement Homes of the Detroit Annual Conference of the United Methodist Church, Inc v Sylvan Twp,* 416 Mich 340, 348-349; 330 NW2d 682 (1982):

" '[C]harity . . . [is] a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life or by erecting or maintaining public buildings or works or otherwise lessening the burdens of government.' " [*Michigan United Conservation Clubs v Lansing Twp,* 423 Mich 661, 671; 378 NW2d 737 (1985), quoting *Retirement Homes, supra,* pp 348-349 and the cases it cited (emphasis deleted).]

Accordingly, specific factors have been identified as determinative of whether an institution is a charitable institution under MCL 211.7o, including:

(1) A "charitable institution" must be a nonprofit institution.

(2) A "charitable institution" is one that is organized chiefly, if not solely, for charity.

(3) A "charitable institution" does not offer its charity on a discriminatory basis by choosing who, among the group it purports to serve, deserves the services. Rather, a "charitable institution" serves any person who needs the particular type of charity being offered.

(4) A "charitable institution" brings people's minds or hearts under the influence of education or religion; relieves people's bodies from disease, suffering, or constraint; assists people to establish themselves for life; erects or maintains public buildings or works; or otherwise lessens the burdens of government.

(5) A "charitable institution" can charge for its services as long as the charges are not more than what is needed for its successful maintenance.

(6) A "charitable institution" need not meet any monetary threshold of charity to merit the charitable institution exemption; rather, if the overall nature of the institution is charitable, it is a "charitable institution" regardless of how much money it devotes to charitable activities in a particular year. [*Wexford Med Group, supra,* p 215.]

Evaluating Pheasant Ring in accordance with these factors demonstrates that it is a charitable institution. Pheasant Ring's articles of incorporation denote that it is organized as a nonprofit corporation

to carry on exclusively educational and other charitable activities . . . , including, but not limited to establishing and supporting a transitional community for persons with autism which provides an environment, preferably in a rural setting, in which such persons will be able to fulfill their individual potential with respect to socialization, education, recreation and vocation and, within that setting, to provide each such person with quality care at the level of his or her individual needs on a consistent basis.

The Township has not produced any evidence that Pheasant Ring has failed to actively pursue its stated mission or has any other reason or basis for its existence. In addition, although the Township asserts that Pheasant Ring only offers services to select individuals within its target population, it fails to substantiate this claim. The record is devoid of any evidence to suggest that Pheasant Ring offers its services "on a discriminatory basis." With regard to factor 4, the stated purpose of Pheasant Ring's facility is to assist individuals with autism "to establish themselves for life." In addition, the services provided by Pheasant Ring serve to "lessen[] the burdens of government" by assisting the state in addressing the needs of this specific population of disabled individuals.

The primary dispute centers on the Township's assertion that Pheasant Ring does not qualify as a charitable institution because it accepts rents from residents at its Waterford home. The acceptance of rental payments or the imposition of fees by Pheasant Ring does not preclude its status as a charitable institution "as long as the charges are not more than what is needed for its successful maintenance." *Wexford Med Group, supra,* p 215. Further, to be deemed a charitable institution, Pheasant Ring "need not meet any monetary threshold of charity to merit the . . . exemption[.]" *Id.* "[A] nonprofit corporation will not be disqualified for a charitable exemption because it charges those who can afford to pay for its services as long as the charges approximate the cost of the services." *Retirement Homes, supra,* p 350 n 15. A review of Pheasant Ring's financial statements verifies that revenues obtained from rent neither meet nor exceed the expenses incurred in maintaining and running their homes.

The Township next contends that Pheasant Ring does not qualify as a charitable institution because it does not personally occupy the home on the property, but, instead, rents the property to its clientele. The MTT found that "the property is occupied by the Petitioner . . . ." The General Property Tax Act does not define "occupied." MCL 211.1 *et seq.* In the absence of a statutory definition, this Court refers to dictionary definitions. *Willett v Waterford Charter Twp,* 271 Mich App 38, 51; 718 NW2d 386 (2006). *Random House Webster's College Dictionary* (1997) defines "occupy" to mean "to have, hold, or take as a separate space; possess, reside in or on, or claim[.]" Similarly, Black's Law Dictionary (8th ed) defines "occupancy" as "[t]he act, state, or condition of holding, possessing, or residing in or on something; actual possession, residence or tenancy . . . . The period or term during which one owns, rents, or otherwise occupies property."

The Township asserts that Pheasant Ring does not occupy the property because the location of its offices is not physically on the property at issue and it rents the property to tenants. This interpretation of the requirements for tax exemption is too narrow and restrictive. There is no dispute that Pheasant Ring owns the property. Although Pheasant Ring does not use the property for its own offices, the property is occupied by tenants of Pheasant Ring in furtherance of its charitable purposes. This Court, in determining whether a charitable organization "occupied" a property for purposes of qualifying for a tax exemption, has determined that "[t]he proper test is whether the entire property was used in a manner consistent with the purposes of the owning institution." *Holland Home v Grand Rapids,* 219 Mich App 384, 398; 557 NW2d 118 (1996). Under this criterion, Pheasant Ring occupied the residence.

The Township's final argument is that the opinion and judgment fails to comply with MCL 205.751(1), because it does not (1) state exactly under which subsection Pheasant Ring is claiming an exemption or (2) contain an adequate statement of facts. Specifically, MCL 205.751(1) provides:

> A decision and opinion of the tribunal shall be made within a reasonable period, shall be in writing or stated in the record, and shall include a concise statement of facts and conclusions of law, stated separately and, upon order of the tribunal, shall be officially reported and published.

"The purpose of the Tax Tribunal's opinion is to facilitate appellate review, but the Tax Tribunal Act and the [Administrative Procedures Act] requires only a concise statement of facts and conclusions." *Great Lakes Div of Nat'l Steel Corp v Ecorse,* 227 Mich App 379, 402; 576 NW2d 667 (1998).

Although the hearing referee's findings of fact and conclusions of law are not exceptionally detailed, they are sufficient to afford meaningful appellate review. The referee summarized the arguments and evidence presented by both parties and made preliminary findings of fact pertaining to the property. In addition, the referee provided conclusions of law, with supporting legal citations, in determining Pheasant Ring's tax-exempt status. While our review would have been facilitated by the provision of a more detailed opinion, it was sufficient for the referee to provide her findings of fact and conclusions of law in a concise manner, with supporting authority, and an explanation of her reasoning.

Affirmed.