Weaver, J.
(concurring in the result only). The question before this Court is whether the petitioner is exempt under MCL 211.7o(l)[1] from paying property tax on property it uses for the charitable purpose of providing housing for low-income families, low-income indi *63 viduals, and disabled individuals. Specifically, does the petitioner “occupy” the subject property, as the term “occup[y]” is contemplated as a requirement for exemption from property tax under MCL 211.7o(1)?
Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, I concur in affirming the Court of Appeals holding that petitioner did not occupy the subject property as contemplated under MCL 211.7o(1), and I agree with overruling Pheasant Ring v Waterford Twp, 272 Mich App 436; 726 NW2d 741 (2006), but would overrule it to the extent that its holding is inconsistent with my opinion.
I. FACTS
Petitioner Liberty Hill is a nonprofit organization incorporated under the laws of Michigan. Petitioner’s charitable purpose is to provide housing for low-income or disabled individuals, in addition to low-income families. The tenants of the property at issue lease the housing under traditional landlord-tenant agreements. Petitioner collects rent from the tenants, charges late fees when the deadline for rent passes, and requires security deposits.
Petitioner requested a tax exemption from respondent city of Livonia for tax years 2003 and 2004, arguing that it qualified for exemption as a charitable organization occupying property in furtherance of its charitable purpose. The case was heard in the Michigan Tax Tribunal (MTT), which denied petitioner’s request for an exemption. Petitioner appealed in the Court of Appeals, which affirmed the MTT’s ruling in an unpublished opinion per curiam.[2] Petitioner then sought leave to appeal in this Court.
*64 While the application for leave to appeal in the instant case was pending, the Court of Appeals issued a published opinion in Pheasant Ring v Waterford Twp. The petitioner in Pheasant Ring was a nonprofit organization, similar to petitioner in this case, that leased housing to persons with autism under traditional landlord-tenant agreements. The petitioner in Pheasant Ring requested a property-tax exemption under MCL 211.7o(1). In Pheasant Ring, the Court of Appeals held that the petitioner did “occupy” the property in a manner that qualified for the exemption. The decision was not appealed in this Court.
To clarify whether a charitable organization that leases property to others as part of its charitable purpose “occupies” the property under MCL 211.7o(1), this Court ordered oral argument on the application, directing the parties to address “whether Pheasant Ring v Waterford Twp .. . was correctly decided.”[3]
II. STANDARD OF REVIEW
Questions of statutory construction are reviewed de novo. Grimes v Dep’t of Transportation, 475 Mich 72, 76; 715 NW2d 275 (2006). “ ‘[E]xemption statutes are to be strictly construed in favor of the taxing unit.’ ” Ladies Literary Club v Grand Rapids, 409 Mich 748, 753; 298 NW2d 422 (1980) (citation omitted).
III. ANALYSIS
To qualify for an exemption under the text of MCL 211.7o(1), the claimant must satisfy a three-part test: (1) the real estate must be owned and occupied by the exemption claimant, (2) the exemption claimant must be a nonprofit charitable institution incorporated under *65 the laws of this state, and (3) the buildings and other property thereon must be occupied by the claimant solely for the purposes for which it is incorporated. Wexford Med Group v City of Cadillac, 474 Mich 192, 203; 713 NW2d 734 (2006). The issue in common between Pheasant Ring and the instant case is whether the petitioners “occupied” their respective properties in a manner that meets the first and third elements of the exemption test. In both cases, the properties were leased as housing to tenants with special needs.
With regard to the petitioner in this case, the Court of Appeals held that petitioner did not occupy the property because it had leased the property to tenants and had thus given up its right to occupy the property. The Court of Appeals in Pheasant Ring, on the other hand, criticized that argument as being “too narrow and restrictive.” Pheasant Ring, 272 Mich App at 442. The Pheasant Ring panel then went on to hold that, because the petitioner had used the property in furtherance of its charitable purpose, it had occupied the property for the charitable purpose. Id.
I agree with the Court of Appeals in the instant case, and further conclude that the Pheasant Ring panel incorrectly interpreted the term “occupied” to mean “used.” I note that long-established law requires this Court to give a narrow construction to statutes creating tax exemptions. Ladies Literary Club, 409 Mich at 753. I interpret the term “occupied” in the narrowest sense, looking only at the language used in MCL 211.7o(1). The statute requires a claimant to perform two actions before a charitable exemption can be granted: (1) the charitable organization must own the property and (2) the charitable organization must occupy the property.[4] *66 The statute makes the occupancy requirement distinct from the ownership requirement, and it makes no mention of “using” the property. Thus, I reject the Pheasant Ring interpretation that “using” the property is equivalent to occupying the property because that interpretation goes beyond the text of the statute. Given the statute’s use of the term “occupied,” a claimant must, at a minimum, have occupancy rights to the property before it can qualify as having “occupied” that property.
By leasing the property to tenants, the petitioner in this case gave up its right to occupy the property during the term of the leases. Because petitioner could not occupy the property by reason of its own agreements, it cannot now claim that it “occupied” the property for purposes of MCL 211.7o(1). The tenants were the only occupants of the property during the tax years at issue.
rv CONCLUSION
Petitioner did not occupy the property at issue during tax years 2003 and 2004 because petitioner had contracted away its occupancy rights in the form of lease agreements. Thus, petitioner cannot satisfy the requirements of MCL 211.7o(1) for exemption from property taxes for tax years 2003 and 2004.
Accordingly, I concur with the majority in affirming the Court of Appeals holding in the instant case and overruling the Court of Appeals opinion in Pheasant Ring v Waterford Twp, but would overrule it to the extent that it is inconsistent with my opinion.

 MCL 211.7o(1) states: “Real or personal property owned and occupied by a nonprofit charitable institution while occupied by that nonprofit charitable institution solely for the purposes for which that nonprofit charitable institution was incorporated is exempt from the collection of taxes under this act.”

 Liberty Hill Housing Corp v City of Livonia, unpublished opinion per curiam of the Court of Appeals, issued May 16, 2006 (Docket No. 258752).

 Liberty Hill Housing Corp v City of Livonia, 477 Mich 1018 (2007).

 The occupation must be in furtherance of the organization’s charitable purpose.